[L. A. No. 982. Department Two. — July 3, 1901.]

## JOSEPH REYNIER, Respondent, v. CHARLES ELTON et al., Appellants.

EJECTMENT — LOCATION OF SECTION CORNER — SUPPORT OF FINDING — CONFLICTING EVIDENCE. — In an action of ejectment, where the location of a section corner was in dispute, and the evidence was conflicting as to its location, a finding for the plaintiff is fully supported by evidence that the section corner found had been recognized as the true corner for many years by those residing in the neighborhood, including defendant's predecessor, and that two apparently disinterested surveyors had located it as the true corner, and that objects intended to witness the corner indicated it to be the true corner.

ID. — IMPORTANCE OF WITNESSING OBJECTS. — In establishing a disputed section corner, objects intended to witness the corner, which are referred to in the notes of the original survey as being nearest the corner, are, when satisfactorily established, stronger evidence than objects more remote can be, and are of controlling importance.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion.

Calvin Edgerton, E. O. Edgerton, and Ross T. Hickcox, for Appellants.

A. J. Utley, for Respondent.

GRAY, C. — This is an action in ejectment. Plaintiff obtained judgment in his favor, and defendants appeal from an order denying them a new trial.

The plaintiff owned lands adjoining defendants' lands on the east, their common boundary being a line drawn through the section from north to south, parallel with and 80 rods west of the east line of section 35, in township 4 north, range 15 west, San Bernardino meridian. The lands ·in controversy are located in Los Angeles County. The parties to the suit agree as to the location of the northeast corner of said section 35, and consequently they are in agreement as to the north end of their dividing line, but as to the south end of said line they are in disagreement to the extent of about 700 feet. It is

claimed by the appellants that the southeast corner of said
section is 714 feet west of the point claimed by plaintiff, and
found by the court to be said corner.

The only point urged in support of the appeal is, that the
court fixed the corner in the wrong place; that by the evidence
the corner is shown to be 714 feet west of the corner as found
by the court.

We think the finding as to the location of the corner in
question is supported by the evidence; and without attempt-
ing to quote such evidence in full, we will give the principal
features of it tending most strongly to support the action of
the court below.  In the first place, the corner found by the
court had been recognized as the true corner for a great many
years by those residing in the immediate neighborhood.  It is
undisputed that upwards of nine years before the trial of this
case appellants' predecessor in title recognized the corner
found by the court as the true corner, and cut the timber up
to a certain line established in accordance therewith.  Next, it
is shown that the section lines in the vicinity of this corner
have been traced out by two apparently disinterested survey-
ors, and after a comparison of what they find on the ground
with the field-notes of the government surveys, they give it as
their unqualified opinion that the true corner is at the point
where the finding of the court fixes it.  At this said point they
find a monument consisting of a pile of loose stones, in the
center of which is a stone 18 x 12 x 8 inches, as one witness
testifies, and as another says, 18 x 10 x 10 inches.  Both of
these witnesses agree, however, that this stone had one notch
on one corner and five on another, and the evidence tends
strongly to show that, so marked, it indicated the common
corners of sections 35 and 36 in said township, and sections 1
and 2 in the township adjoining on the south.  The field-notes
called for a stone at the corner in question, 20 x 12 x 8 inches,
set fifteen inches in the ground, and four witness-trees marked
as such, one being located in each of the four cornering sections,
the courses and distances from the corner being given.  One
witness-tree was found with surveyor's marks, indicating its
character as a witness-tree of the corner in dispute.  This tree
is in the course from the stone monument indicated by the
field-notes, and corresponds therewith in description, allowing
for a difference of upwards of twenty years' growth since the

government survey. The distance of this tree from the corner is given in the notes· of the government survey as 250 links, whereas its actual distance from the present location of the monument is 212 links. There is also a stump standing, and traces of another in the ground, corresponding in character, description, and course from corner with two of the witness-trees as described in the original field-notes, and with but slight discrepancy as to distances from the corner. No trace of the fourth witness-tree was found; but it is not inconsistent with the evidence that all trace of the fourth tree should have been removed, by reason of the clearing and cultivation of the land. There seems to be no material controversy as to the location of the township line running between sections 35 and 36 on the north and sections 1 and 2 on the south. The contention of appellant is, not that the corner is fixed by the court too far north or too far south, but that it is located by the finding of the court on the township line about seven hundred feet east of the government corner. The notes of the government survey call for the "top of low ridge, course north and south," seventeen chains east of the corner in controversy. In the surveys made by the witnesses for respondent, this ridge is located, and referred to as strong evidence that the corner is where it is found to be by the court.

Again, to the west of the corner as found, and on said township lines, these witnesses locate an old road in a wash about ten chains from said corner, and at about sixteen chains a small wash or creek, and on the western bank thereof an oak stump about two feet in diameter. All these objects as so located seem to be in practical agreement with the original government survey notes, and while they are all consistent with the finding of the court as to the corner, they are each and all inconsistent with the location of the corner at or anywhere near the point contended for by appellants. Without attempting to state the evidence adduced by appellants to show that the corner was at the point claimed by them, we deem it sufficient to say that it was very strong, and, were it not for the testimony already stated, we think it would have been sufficient to establish the corner as so claimed by said appellants. It became necessary for the court to establish the corner somewhere, and, in the conflict of evidence, we think it made no mistake. This is not the case of a lost corner, but each

party claims to have found the corner on the ground where it was originally located. Of course, in establishing a disputed corner, those objects intended to witness the corner, and referred to in the notes of the original survey as being nearest to the corner, are, when satisfactorily established, stronger evidence than objects more remote can be; and in this view of the matter we regard the witness-tree and the accompanying stumps claimed to have been found by respondent's witnesses, taken in connection with the other objects referred to, as of controlling importance. The court below was in a better position than this court can be placed in to determine whether the witness-tree claimed was genuine or not. It appears that the surveyor's mark on the witness-tree was covered by a subsequent growth of several inches in thickness, and was only discovered by cutting in and removing a chip or chips from the tree. The chip showing the surveyor's marks was submitted to the inspection of the trial court, and by this inspection the court was, no doubt, aided in determining the question of the genuineness of the alleged witness-tree. This court has only a description of these things before it, and from this we cannot say that the court was wrong in its finding as to the corner, but, so far as we can see, the finding was correctly based on the preponderance of the evidence.

The order appealed from should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple J., Henshaw, J.